IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| RICKEY FISHER, | Civil Action No. 3:09-2370-RMG-JRM |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

This case is before the undersigned pursuant to Local Civil Rules 83.VII.02-.08 DSC, concerning the disposition of Social Security cases in this District. Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability benefits.

On March 18, 2010, Plaintiff filed his brief in this action.[1] On May 18, 2010, the Commissioner filed a motion for entry of judgment with order of remand pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff filed a response on May 18, 2010, and the Commissioner filed a reply on May 19, 2010.

---

[1] In his brief, Plaintiff argued that this action should be remanded to the Commissioner because: (1) the Appeals Council failed to address evidence submitted to it; (2) the Commissioner failed to give Plaintiff's treating physician's medical opinion controlling weight, (3) the residual functional capacity found by the Commissioner was unsupported by substantial evidence; and (4) the Commissioner erred in finding Plaintiff's testimony less than fully credible.

**DISCUSSION**

The parties are in agreement that this action should be remanded to the Commissioner, but disagree as to the terms of the proposed remand. The parties agree that this action should be remanded to further consider and evaluate whether Plaintiff's severe impairments meet or equal the severity of a listing (presumptively disabling impairments listed in the Commissioner's regulations at 20 C.F.R. Pt. 404, Subpt. P, App. 1) and to consider the additional evidence submitted to the Appeals Council after the prior decision. Additionally, the Commissioner proposes that the ALJ obtain testimony from a medical expert ("ME"), which Plaintiff opposes. Plaintiff additionally requests that the remand order include language requiring the ALJ to apply the law in regard to the evaluation of the treating physician's opinion and the consultative physician's opinion, which the Commissioner opposes.

Plaintiff has degenerative disc disease in his neck and low back, as well as bilateral carpal tunnel syndrome. The Commissioner contends that an instruction requiring that the ALJ obtain ME testimony is necessary because the ALJ did not address any specific listing in his decision or obtain any ME testimony addressing Plaintiff's impairments in the context of the listing, even though the record evidence indicates Plaintiff's impairments may possibly meet or equal the listing for spinal disorders. Defendant believes that testimony from a ME would clarify the severity of Plaintiff's impairments and whether those impairments precisely satisfied all the criteria of listing 1.04(A)(Disorders of the Spine). Plaintiff argues that an order by this Court requiring ME testimony would constitute a finding that there is substantial evidence that the claimant can work because it

would mean that his treating physician's opinion that he could not work was inadequate to find him disabled.

The applicable regulation provides:

> Administrative law judges may also ask for and consider opinions from medical experts on the nature and severity of your impairment(s) and on whether your impairment(s) equals the requirements of any impairment listed in appendix 1 to this subpart. When administrative law judges consider these opinions, they will evaluate them using the rules in paragraphs (a) through (e) of this section.

20 C.F.R. § 404.1527(f)(2)(iii). Here, the Commissioner concedes that the ALJ did not properly consider whether Plaintiff's impairment(s) met a Listing. ME testimony may be necessary to determine this. The regulations make clear that, even when the opinion of an ME is sought, the same rules for the ALJ's evaluation of that evidence applies, and the "ultimate determination" of whether a claimant is disabled is for the ALJ and Commissioner. 20 C.F.R. § 404.1527(e). Thus, the remand instructions should allow the ALJ, if necessary, to obtain ME testimony as outlined in the applicable regulation.

Plaintiff also argues that the remand instructions should include the instruction that upon remand the ALJ "apply the law in regard to the evaluation of the treating physician's opinion and the consultative physician's opinion." Plaintiff's Reply Brief/Response to Motion to Remand at 2. Plaintiff argues that this should be added to gently remind the ALJ to apply the law. Plaintiff's counsel states that he does not "have so strong a feeling as to my proposed additional term of remand, but I do submit that it can only do good." Id. at 5. The Commissioner contends that such additional language is unnecessary because the ALJ already has a duty to do so and such instruction is redundant. It is recommended that this additional language be omitted from the remand order. The ALJ already has a duty to consider every medical source opinion, make findings of fact, and

3

resolve evidentiary conflicts. See 20 C.F.R. § 404.1527(b)("In deciding whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant

evidence we receive."); see also Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)(ALJ bears the responsibility of making findings of fact and resolving evidentiary conflicts).[2]

After reviewing the record, Plaintiff's brief, and the motions of the parties, the undersigned recommends that this case be remanded to the Commissioner for the ALJ to hold a de novo hearing and issue a new decision regarding Plaintiff's eligibility for disability benefits. It is recommended that upon remand, the Appeals Council shall instruct the ALJ to:

1. Further consider and evaluate whether Plaintiff's severe impairments meet or equal the severity of a listing. The ALJ, pursuant to 20 C.F.R. 404.1527(f)(2)(iii), may obtain the opinion of the ME as to the nature and severity of Plaintiff's impairments and on whether Plaintiff's impairments equal the requirements of a listed impairment(s); and

2. Consider the additional evidence submitted to the Appeals Council after the ALJ's prior decision.

## **CONCLUSION**

It is RECOMMENDED that the Commissioner's decision be **reversed** pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be **remanded** to the Commissioner for further

---

[2]Further, Plaintiff's proposed instruction would assume that the ALJ improperly evaluated the opinion of his treating physician and an examining physician. Here, the ALJ did not have all of the medical records before him at the time he rendered his opinion, making it impossible to determine whether the opinions in question were correctly considered.

4

administrative action as set out above.

                                          Joseph R. McCrorey
                                          United States Magistrate Judge

October 26, 2010
Columbia, South Carolina