IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Rickey Fisher, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 3:09-cv-02370-RMG |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Michael J. Astrue, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

On September 8, 2009, Plaintiff Rickey Fisher ("Plaintiff" or "Fisher") brought the instant action against the Defendant, Michael J. Ashtrue, the Commissioner of Social Security ("Defendant"), pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security Administration regarding his claim for Supplemental Security Income (SSI) under the Social Security Act. (Doc. No. [1].) On May 18, 2010, after Plaintiff's brief had been filed, Defendant filed a Motion to Remand Pursuant to Sentence 4 of 42 U.S.C. § 405(g). (Doc. No. [18].) Defendant moved the Court "to enter a judgment with an order of reversal with remand of the cause to the Commissioner for further administrative proceedings." (Mot. to Remand at 1.) In his Memorandum in Support of the Motion to Remand, Defendant states,

> Defendant believes that further administrative action is warranted in this case. Plaintiff has degenerative disc disease in his neck and low back, as well as bilateral carpal tunnel syndrome. The administrative law judge (ALJ) did not specifically address any specific listings (presumptively disabling impairments listed in the Commissioner's regulations at 20 C.F.R. pt. 404, subpt. P, app. 1) in his decision, or obtain any medical expert testimony addressing Plaintiff's impairments in the context of the listings, even though the record evidence

indicates Plaintiff's impairments may possibly meet or equal the listing for spinal disorders. In addition, it appears the agency's Appeals Council either did not receive or did not consider additional evidence submitted by Plaintiff after the ALJ's unfavorable decision.

(Mem. in Supp. of Mot. to Remand at 1.)

Plaintiff filed a Response in Opposition to the Motion to Remand on May 18, 2010. (Doc. No. [19].) Plaintiff asserts the Commissioner "proposes to remand under terms that almost guarantee an unfair result and a repeat appeal to this Court." (Resp. in Opp'n at 1-2.) Plaintiff asserts the Commissioner's proposed terms of remand are as follows:

> (1) to further consider and evaluate whether Plaintiff's severe impairments meet or equal the severity of a listing,
> (2) to obtain testimony from a medical expert, and
> (3) to consider the additional evidence submitted to the Appeals Council after the prior decision.

(Resp. in Opp'n at 2.) Plaintiff objects to the second proposed term, and instead proposes the following terms of remand:

> (1) to further consider and evaluate whether Plaintiff's severe impairments meet or equal the severity of a listing,
> (2) to apply the law in regard to the evaluation of the treating physician's opinion and the consultative physician's opinion.
> (3) to consider the additional evidence submitted to the Appeals Council after the prior decision.

(Resp. in Opp'n at 2-3.)

Magistrate Judge Joseph R. McCrorey issued a Report and Recommendation ("R&R") in the instant case on October 26, 2010. (Doc. No. [22].) In that R&R, Magistrate Judge McCrorey noted that the "parties are in agreement that this action should be remanded to the Commissioner, but disagree as to the terms of the proposed remand." (R&R at 2.) Magistrate Judge McCrorey states,

After reviewing the record, Plaintiff's brief, and the motions of the parties, the undersigned recommends that this case be remanded to the Commissioner for the ALJ to hold a de novo hearing and issue a new decision regarding Plaintiff's eligibility for disability benefits. It is recommended that upon remand, the Appeals Council shall instruct the ALJ to:

1. Further consider and evaluate whether Plaintiff's severe impairments meet or equal the severity of a listing. The ALJ, pursuant to 20 C.F.R. 404.1527(f)(2)(iii), may obtain the opinion of the ME as to the nature and severity of Plaintiff's impairments and on whether Plaintiff's impairments equal the requirements of a listed impairment(s); and

2. Consider the additional evidence submitted to the Appeals Council after the ALJ's prior decision.

(Id. at 4.)

This Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In the absence of objections to the R&R, this Court is not required to give any explanation for adopting the recommendations. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Objections to the R&R were due on November 12, 2010. To date, no objections have been filed.

The Court has carefully reviewed the Magistrate Judge's Report and Recommendation, and the R&R is **ADOPTED** as the Order of this Court and incorporated herein. For the reasons articulated by the Magistrate Judge, the Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g), and the case is **REMANDED** to the Commissioner for further administrative action. Upon remand, the Appeals Council shall instruct the ALJ to:

1. Further consider and evaluate whether Plaintiff's severe impairments meet or equal the severity of a listing. The ALJ, pursuant to 20 C.F.R. 404.1527(f)(2)(iii), may obtain the opinion of the ME as to the nature and severity of Plaintiff's

impairments and on whether Plaintiff's impairments equal the requirements of a listed impairment(s); and

2. Consider the additional evidence submitted to the Appeals Council after the ALJ's prior decision.

**AND IT IS SO ORDERED.**

The Honorable Richard Mark Gergel
United States District Judge

**Charleston, South Carolina**
**November 23, 2010**